**MORRISON FOERSTER**

2100 L STREET NW
SUITE 900
WASHINGTON, DC 20037

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

March 14, 2025

Writer's Direct Contact
+1 (202) 887-8740
DMaynard@mofo.com

**Via ECF**

Jarrett B. Perlow, Clerk of the Court
Office of the Clerk, U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re:    *Novartis Pharms. Corp. v. Torrent Pharma Inc.*, Nos. 23-2218 et al.
       Precedential opinion issued Jan. 10, 2025 (Lourie, Prost, Reyna, JJ.)
       Response to MSN's Mar. 11 Supplemental Authority Letter about *Novartis Pharms. Corp. v. Regents of the Univ. of Mich.*, No. IPR2023-01346 (PTAB Mar. 5, 2025)

Dear Mr. Perlow:

This non-binding PTAB decision involving a different patent, different record, and different art provides no support for MSN's rehearing petition. Unlike Novartis's claims here, the *Regents* claims broadly recited an invention defined functionally. *Regents*, p.6. The patent there claimed a composition of any "therapeutically effective amount of a co-crystal," with components selected from a broad genus of potential active pharmaceutical ingredients and any co-former. *Regents*, p.21. Rather than "limit the structure of" the claimed co-crystal, the claims defined the invention by desired results, including forming a co-crystal with at least one active pharmaceutical ingredient and at least one co-former. *Regents*, pp.19-20. The PTAB thus required written-description support in line with those broadly claimed co-crystals and found the patent's description lacking. *Regents*, pp.19-25.

By contrast, Novartis's precise, structural claims reciting the two specific active ingredients, valsartan and sacubitril, are altogether different. NVS.Rehearing.Opp.11-14 (explaining same). MSN's continued wordplay about failing to describe valsartan-sacubitril "complexes covered by the claims" (MSN.Ltr.1) just rehashes the error this Court already identified—MSN "conflate[s]

**MORRISON FOERSTER**

Page Two

the distinct issues of patentability and infringement." Op.13-14; NVS.Rehearing.Opp.15-17.

As for enablement, nothing in *Regents* addresses or supports MSN's challenge. MSN suggests Novartis adopted conflicting positions in *Regents* and here about whether "pharmaceutical complexes were generally known" to persons of ordinary skill. MSN.Ltr.1-2. This Court decided enablement independent of any dispute about pharmaceutical complexes generally, holding the '659 patent need not enable valsartan-sacubitril complexes because they are not claimed as the invention but are a later improvement. Op.15-16.

Regardless, Novartis's positions in the two cases are consistent—the person of ordinary skill in *Regents* and this case differ because the claimed inventions differ. Because the *Regents* claims are directed to chemical form, the relevant artisan was a Ph.D. chemist with experience in "solid state chemistry." *Regents*, pp.7-8. Here, the invention is directed to drugs for treating heart failure, not a particular chemical form, so the relevant artisan (as the district court correctly found) is a medical doctor or medicinal chemist without "'experience, familiarity, or interest in solid-state chemistry.'" Appx28-30. Nothing in *Regents* addresses the knowledge of artisans in this different art.

                                                       Respectfully submitted,

                                                       /s/ Deanne E. Maynard
                                                          Deanne E. Maynard

## CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the relevant type-volume limitations of the Federal Rules of Appellate Procedure and Federal Circuit rules because it has been prepared using a proportionally spaced typeface and includes 348 words, excluding the parts exempted by the Rules.

| | |
|---|---|
| Dated:  March 14, 2025 | /s/ Deanne E. Maynard |

ny-2922121